UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALISSYA GREENWOOD,
         Plaintiff,

vs.

CARING PEOPLE OF
POMPANO BEACH, LLC,
a Florida limited liability company,
         Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiff, Alissya Greenwood, by and through her undersigned attorney, hereby files this Complaint for damages, against the Defendant, Caring People of Pompano Beach, LLC; for failing to pay her, as an employed home health care aide, all of the overtime pay, as required by the Fair Labor Standards Act ("FLSA"), see, 29 U.S.C. Section 201, et seq., and the Plaintiff states the following, as her claim, against the Defendant:

## I.
## INTRODUCTION

1. This is an action by Plaintiff, Alissya Greenwood, who was previously employed as a home health care aide, for the Defendant, to recover unpaid overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et seq.

1

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. Sections 216 (b) and 28 U.S.C. Section 1331.

3. Venue is proper in the United States District Court, for the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District and a majority of the events or omissions giving rise to the claim herein, occurred in this District.

## III.
## PARTIES

4. Plaintiff, Alissya Greenwood ("GREENWOOD"), is an adult resident of Lauderdale Lakes, Broward County, Florida.

5. GREENWOOD is a home healthcare aide.

6. GREENWOOD was an employee of the Defendant, Caring People of Pompano Beach, LLC, and Plaintiff was employed from approximately, prior to 2015, to on or about, December 9, 2019, as defined by the FLSA, 29 U.S.C. Section 203 (e)(1) and (g).

7. Defendant, Caring People of Pompano Beach, LLC ("CARING PEOPLE"), is a Florida limited liability company, with its principal place of business, located at 1000 McNab Road, Pompano, Broward County, Florida 33069.

8. CARING PEOPLE commonly provides home health care services, including homemaker, custodial and skilled home health care services to elderly and disabled persons in their homes.

9. CARING PEOPLE directly employs home health care aides, and other home health care workers, such as registered nurses, licensed practical nurses, certified nursing assistants, to provide home health care services in residential setting.

10. The gross sales made of Defendant, CARING PEOPLE, or its business done, has been $500,000 or greater per year, at all relevant times.

11. CARING PEOPLE employed Plaintiff, and other similarly situated home health care aides.

## IV.
## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges and incorporates by reference the above Paragraphs 1—11, as if fully set forth herein.

13. Plaintiff worked for Defendant, as a home health care aide, during the past three years.

14. Plaintiff while she was employed as a home health care aide for the Defendant, performed a variety of functions, home health care services for elderly, and or disabled or infirm individuals in a home setting.

15. Plaintiff as a home health care aide for the Defendant was not employed as a staffing or frontline supervisor, responsible for overseeing other home health care workers and the home health care services, which Defendant provides to its customers.

16. Defendant compensates Plaintiff and other home health care aides, for their work on an hourly basis; and at all material times herein, Plaintiff was compensated at the rate of $11.00 per hour.

17. Defendant engaged Plaintiff, to work more than forty (40) hours per week; and during the relevant time period, Plaintiff was working for the Defendant on an average, for a total of seventy nine (79) hours per week, or on average, a total of thirty nine (39) overtime hours per week.

18. Defendant had a common policy of not paying Plaintiff, at a rate of one and one half (1.5) times her regular rate of pay for the overtime hours, for which she worked, as required by the FLSA.

19. In calculating Plaintiff's overtime pay, Defendant only paid her, a regular hourly rate (i.e., straight time), rather than the legally required one-and-one-half times of her regular rate of pay.

20. For example, during the bi-weekly period of February 10, 2018 to February 23, 2018, Defendant paid Plaintiff for a total of one hundred fifty-eight (158) regular hours, at her basic hourly rate of Eleven Dollars ($11.00) per hour.

21. Defendant willfully operated under a common scheme to deprive Plaintiff, as a home health care aide, of proper overtime compensation by paying her less, than what is required under federal law.

22. As a home health care company operating in the State of Florida, Defendant was aware or should have been aware that Plaintiff performed work, that required the proper payment of overtime compensation.

23. Defendant knew that Plaintiff, as a home health care aide, worked overtime hours without receiving proper overtime pay, because Defendant required Plaintiff to record and submit records of her work hours, during the tenure of her employment with the Defendant.

24. Defendant was aware, or should have been aware, or its unlawful payment practices and recklessly chose to disregard the consequences of its actions, with regard to the Plaintiff, who was previously employed by the Defendant, during the relevant time period, as a home healthcare aide.

## COUNT I
### (Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.)
### On Behalf of Plaintiff.

25. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above Paragraphs, 1-24, as if fully set forth herein.

26. Defendant is an enterprise as defined by the FLSA, 29 U.S.C. Section 203(r) (1), and it is engaged in commerce within the meaning of the FLSA, Section 20(b), (s)(1).

27. The FLSA requires an employer, such as the Defendant, to pay non-exempt employees, like the Plaintiff, no less than one and one half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. *See*, 29 U.S.C. Section 207.

28. Plaintiff regularly worked more than forty (40) hours per week, for the Defendant, but the Defendant did not properly compensate her, for all of her overtime hours, as required by the FLSA.

29. Defendant did not and has not made a good faith effort to comply with the FLSA, as it relates to the compensation of the Plaintiff.

30. Defendant knew that the Plaintiff had worked overtime hours, without proper compensation, and the Defendant willfully failed and refused to pay Plaintiff, the lawful wages, at the required overtime rates. *See*, 29 U.S.C. Section 255.

31. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked, violates the FLSA. 29 U.S.C. Section 207.

32. As a direct and proximate result of these unlawful practices, Plaintiff has suffered and has continued to suffer wage loss and Plaintiff is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of her claim, liquidated damages and prejudgment interest, attorney's fees and costs, and such other legal and equitable relief as the Court deems just, proper and equitable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alissya Greenwood, individually, prays for relief as follows:

a. Judgment against the Defendant for an amount equal to the Plaintiff's unpaid back wages, at the applicable overtime rates;

b. A finding that the Defendant's violation of the FLSA are willful;

c. An amount equal to the Plaintiff' overtime wage damages, as liquidated damages;

d. All costs and attorney's fees incurred prosecuting this claim;

e. An award of any pre- and post-judgment interest; and

f. All further relief as the Court deems just and equitable.

## Demand for Trial by Jury

Plaintiff demands trial by jury of all claims so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on June 16, 2020.